UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

PENN-STAR INSURANCE COMPANY,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                          21-CV-975(EK)(CLP)
        -against-

FPM REALTY LLC; ROSEWOOD REALTY
ROCHESTER, LLC; GATEWAY PROPERTY
SOLUTIONS LTD; et al.,

                Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

       The Court has received Magistrate Judge Pollak's Report and Recommendation (R&R) dated February 24, 2022.  ECF No. 45.  Judge Pollak recommends (1) denying Plaintiff Penn-Star Insurance Company's ("Penn-Star") motion to strike Defendant FPM Realty LLC's ("FPM") Fifth Affirmative Defense and (2) granting FPM's motion to transfer this case to the Western District of New York.  Penn-Star timely objected, ECF No. 46, and Plaintiff responded, ECF No. 47.

       A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court reviews de novo those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290,

296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).

Having conducted a *de novo* review of the R&R, I adopt it in its entirety, with the exception of the discussion of Penn-Star's motion to strike FPM's Fifth Affirmative Defense, R&R 5-16, which I need not reach because of my resolution of the transfer issue.

## I. Motion to Transfer Venue

As an initial matter, I agree with Judge Pollak's conclusion, which Penn-Star does not contest, that this action could have been brought in the Western District. R&R 17.

I also agree with Judge Pollak's conclusion that "the convenience of parties and witnesses" and "the interests of justice" warrant transfer. R&R 17 (quoting 28 U.S.C. § 1404(a)). This case concerns Penn-Star's alleged obligation to defend or indemnify parties to a lawsuit in the Supreme Court of Monroe County (located in the Western District) concerning a fire in Rochester (also in the Western District). R&R 2. Six of the nine defendants are located in upstate New York (Webster, Rochester, and East Syracuse). R&R 26. Thus, the "convenience of witnesses," "convenience of parties," and "locus of operative

2

facts" all weigh in favor of transfer to the Western District. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006).

Penn-Star argues that "this is not a case that focuses on witnesses at the loss location in the Western District but rather the focus is on the documentation as to the issuance of the policy, which does not require presence in the Western District." Penn-Star Objections 3, ECF No. 46. But Penn-Star has put at issue the nature of the work that FPM was doing at the Rochester site. For instance, Penn-Star asserts in its Complaint that "FPM did not disclose that it serves as Project Manager on commercial construction projects, such as the Rosewood Project [in Rochester] giving rise to the Rosewood Claim." Compl. ¶ 26, ECF No. 1. Thus, the goings-on at the site of the fire will be relevant. Moreover, Penn-Star's contention that witnesses will not be important in this action is belied by its recently filed request for a discovery conference, which seeks the identities of "[a]ll witnesses concerning the work of FPM from 2008 through 2018," as well as several specific subcategories of witnesses. Letter Dated Mar. 24, 2022, at 2, ECF No. 48. Indeed, apart from the fact that one plaintiff is headquartered on Long Island, this case appears to have very little (if any) meaningful connection to this District.

3

Penn-Star argues that "all of the other parties have consented to venue" and that "plaintiff's choice of forum is given deference." Penn-Star Objections 3. It is true that the plaintiff's choice of forum is entitled to some deference, but I conclude that these factors do not outweigh the other factors discussed above and in Judge Pollak's persuasive analysis. *See D.H. Blair*, 462 F.3d at 106 ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."); *see also Castaneira v. Gannon*, No. 99-CV-4236, 1999 WL 1487630, at *4 (E.D.N.Y. Dec. 16, 1999) ("[T]he weight accorded plaintiff's forum choice is diminished when the plaintiff has chosen a forum with little material connection to the facts or issues of the case.").

Penn-Star also argues that because FPM filed a late answer, it waived any defense of improper venue, and thus its motion to transfer should not be considered. Even if FPM waived the defense, however, that does not prevent a court from considering the motion. This conclusion emerges from the plain language of the transfer statute, which dictates that the "district court may transfer any civil action" to an appropriate venue, with or without a motion from the parties. 28 U.S.C. § 1404(a). The Second Circuit and another court in this District have so held. *See Lead Indus. Ass'n v. OSHA*, 610 F.2d

4

70, 79 n.17 (2d Cir. 1979) ("The broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*."); *accord Armstrong v. Costco Wholesale Corp.*, 234 F. Supp. 3d 367, 369 (E.D.N.Y. 2017) ("A court may transfer a case *sua sponte*."); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, Westlaw (database updated Apr. 2021) ("[A]t least two courts have held that although the defense of improper venue is waived by answering on the merits, the defendant nonetheless may move under Section 1404(a) to transfer the action thereafter . . . ."). Given that the statutory factors weigh heavily in favor of transfer to the Western District, and for the reasons persuasively stated by Judge Pollak, I would order the transfer even in the absence of a motion by FPM.

Accordingly, FPM's motion to transfer this action to the Western District of New York is granted.

## II.  Motion to Strike

Penn-Star also moved to strike FPM's Fifth Affirmative Defense, which "object[ed] to the venue of this action in the Eastern District of New York as being improper." Answer Defenses and Affirmative Defenses of Def. FPM Realty LLC ¶ 26, ECF No. 21.  Given that I am transferring this case to the Western District of New York, I deny this motion to strike as moot.  *Cf.* Wright & Miller, *supra*, § 1352 ("The transfer of the

5

case will render moot any Rule 12(b)(3) motion to dismiss for improper venue."). Accordingly, I need not reach that part of Judge Pollak's analysis.[1]

\* \* \*

With these remarks, I adopt the R&R in its entirety, with the exception of the discussion of Penn-Star's motion to strike (*i.e.*, sections A and B of the Discussion). Accordingly, FPM's motion for transfer (ECF No. 33) is granted. Penn-Star's motion to strike FPM's Fifth Affirmative Defense (ECF No. 27) is denied as moot. The Clerk of Court is respectfully directed to transfer this case to the United States District Court for the Western District of New York.

SO ORDERED.

                                             /s/ Eric Komitee
                                            ERIC KOMITEE
                                            United States District Judge

Dated:    March 31, 2022
            Brooklyn, New York

---

[1] I have carefully considered Penn-Star's other objections and find them to be either meritless or irrelevant, or both.